IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | )   Case No. 1:20cr178-TSE |
| | ) |
| MARCUS FOSTER, et al. | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM IN SUPPORT OF MOTION TO WITHDRAW GUILTY PLEA**

COMES NOW, the Defendant, Marcus Foster, by and through counsel, and in support of his Motion to Withdraw Guilty Plea (Dkt. 153), hereby states as follows:

**BACKGROUND AND PROCEDURAL POSTURE**

Defendant Marcus Foster stands convicted upon a plea of guilty, pursuant to written plea agreement, of Conspiracy to Commit Wire Fraud and Bank Fraud in violation of 18 U.S.C § 1349. This, Count 1 of an eleven-count Indictment, charged that Mr. Foster and his wife and co-defendant Caprice Foster obtained the personal identifying information of others and utilized this information to open accounts, apply for and obtain loans and lines of credit, finance vehicles and lease properties. *See* Dkt. 88 & 124.

Mr. Foster entered his plea before Judge Liam O'Grady on November 23, 2021 and was set to be sentenced on March 18, 2022. Prior to sentencing, and by and through prior counsel, Mr. Foster filed a Motion to Withdraw his guilty plea. This Memorandum follows.

**APPLICABLE LAW**

Prior to amendments to Federal Rule of Criminal Procedure ("FRCP") 32 and 11, plea

1

withdrawals were "freely allowed" except in cases where the prosecution would be "substantially prejudiced by reliance on the defendant's plea." *See United States v. Lambey,* 974 F.2d 1389, 1393 (4th Cir. 1992) *citing United States v. Strauss,* 563 F.2d 127, 130 (4th Cir.1977) and *United States v. Savage,* 561 F.2d 554, 556 (4th Cir.1977). Today's Rule 11, however, provides not only for the placing of plea agreements on the record, but for "full inquiry into the voluntariness of the plea, for detailed advice to the defendant concerning his rights and the consequences of his plea and a determination that the defendant understands these matters, and for the determination of the accuracy of the plea." *Lambey,* 974 F.2d at 1393. Therefore, while FRDP 11(d)(2)(B) provides that the district court *may permit* the withdrawal of a plea before sentencing if the defendant demonstrates a "fair and just reason," an appropriately conducted Rule 11 hearing "raise[s] a strong presumption that the plea is final and binding." *Id.; see also United States v. Bowman,* 348 F.3d 408, 414 (4th Cir, 2003).

       The Fourth Circuit has established the following six-factors test against which the district court is to consider a defendant's request to withdraw his guilty plea: (1) whether the defendant provided credible evidence that his plea was not knowing or voluntary; (2) whether the defendant credibly asserted his legal innocence; (3) whether there was a delay between entering the plea and moving for withdrawal; (4) whether the defendant had close assistance of competent counsel; (5) whether the withdrawal of the plea would prejudice the government; and (6) whether the withdrawal would inconvenience the court and waste judicial resources. *United States v. Moore*, 931 F.2d 245, 248 (4th Cir. 1991). The first, second, and fourth factors are generally the most significant, *United States v. Sparks*, 67 F.3d 1145, 1154 (4th Cir. 1995). Where, as here, a defendant bases the withdrawal of his plea the improper advice of counsel, he must meet the following: (1) that his counsel's performance "fell below an objective standard of

2

reasonableness" and (2) that he was prejudiced in the sense that "there [was] a reasonable probability that, but for counsel's error, he would not have pleaded guilty and would have insisted on going to trial." *United States v. DeFreitas,* 865 F.2d 80, 82 (4th Cir. 1989).

## **ARGUMENT**

As a threshold matter, Mr. Foster was subject to a Rule 11 colloquy that, while it did not ask him to specifically and in his own words explain or describe what he did to violate the law as set forth in his plea agreement, did nevertheless include a review of each of the paragraphs in his Statement of Facts and seek confirmation of the accuracy of said paragraphs. At one point during the colloquy, however, Mr. Foster did ask the Court's indulgence to speak with his then counsel off the record. Transcript, 11/23/21, p.15 at 14-15. He was uncomfortable at that moment, but he proceeded. *See, id.* In addition, while the Court did inquire as to whether Mr. Foster's counsel had reviewed the elements of the offense with him, and what the government must prove (*id.* p. 6 at 11-14), Mr. Foster was not asked whether he had gone over any/all possible defenses with counsel, including any potential motions to suppress and the like. *See, generally*, Transcript 11/23/21.

Mr. Foster's position is that his counsel failed to adequately investigate and pursue a Fourth Amendment violation that occurred at the time of the search of the residence and vehicle which led to the discovery and seizure of incriminating documents and records. While a Motion to Suppress (Dkt. 116) was filed on November 19, 2021—four days prior to the change of plea hearing, nineteen (19) days prior to the then- scheduled trial date and over sixteen (16) months since his initial appearance. The Motion was not noticed for a hearing. No government response was due (or filed) before Mr. Foster appeared to enter a plea of guilty on November 23, 2021. He submits that the advice of counsel—specifically that he should forego the motion, and indeed all

challenge to the government's case, and enter a guilty plea—was improper, and that he therefore entered his plea without full knowledge and understanding of his true exposure at trial (i.e., alternative option) as well as—to the extent he would have preferred to challenge the legality of the search—involuntarily. The gist of the Fourth Amendment claim is that any permission law enforcement was given to enter the property expired after an initial "look around" the residence, and that any further search of the home—including but not limited to the interior of a vehicle within the garage which was not subject to consent by either Foster—was impermissible. There appear to be a factual disputes as to whether either of the Fosters gave consent to retrieve a bag from said vehicle—and conflicting information as to *which* of the Fosters allegedly gave such consent—as well a with regard to what law enforcement knew, and when they knew it, with respect to the Fosters' identity, warrant status, and other factors purported to give rise to grounds to search.

      WHEREFORE, based on the foregoing, Mr. Foster respectfully prays that this Honorable Court find that counsel's failure to fully investigate and pursue a suppression motion constitutes a fair and just reason to withdraw his guilty plea on the basis that he entered such plea with insufficient knowledge. This lack of knowledge and understanding undermined the voluntariness of the plea, and it is on this basis he asks the Court to grant his Motion.

                        Respectfully Submitted,

                        MARCUS FOSTER
                        By Counsel

THE LAW OFFICE OF LANA MANITTA, PLLC

By:_____/s/_____.
Lana Manitta, VSB #42994
140B Purcellville Gateway Drive, #511
Purcellville, VA 20132
(703) 705-4428
FAX (703) 705-4429
Lmanitta@ManittaLaw.com
Counsel for Marcus Foster

**CERTIFICATE OF ELECTRONIC FILING/SERVICE**

I HEREBY CERTIFY that on this 9th day of May, 2022, I filed the foregoing with the Clerk of the Court using the CM/ECF system which will send a Notice of Electronic Filing (NEF) to all counsel of record.

THE LAW OFFICE OF LANA MANITTA, PLLC

By:_____/s/_____.
Lana Manitta, VSB #42994
140B Purcellville Gateway Drive, #511
Purcellville, VA 20132
(703) 705-4428
FAX (703) 705-4429
Lmanitta@ManittaLaw.com
Counsel for Marcus Foster