IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | Case No. 1:20-cr-00178 |
| v. | Honorable T.S. Ellis, III |
| **CAPRICE FOSTER,** *Defendant*. | Sentencing Date: Sept. 9, 2022 |

**DEFENDANT'S SUPPLEMENTAL MEMORANDUM REGARDING APPLICATION OF <u>ROLE ENHANCEMENT PURSUANT TO USSG § 3B1.1(c).</u>**

The Sentencing Guidelines provide for a two-level adjustment where the defendant is found to be an organizer, leader, manager, or supervisor in a conspiracy that involves less than five participants. USSG § 3B1.1(c). In determining whether the defendant exercised control over at least one other participant, the court should consider:

> the exercise of decision making authority, the nature of participation in the commission of the offense, the recruitment of accomplices, the claimed right to a larger share of the fruits of the crime, the degree of participation in planning or organizing the offense, the nature and scope of the illegal activity, and the degree of control and authority exercised over others.

USSG § 3B1.1(c) cmt. n.4; see *United States v. Brown*, 614 F. App'x 632, 635–36 (4th Cir. 2015); *United States v. Rashwan*, 328 F.3d 160, 166 (4th Cir.2003).

The Fourth Circuit has pointed out that "the fact of manager status may be more difficult to ascertain than purely physical facts—such as whether the defendant carried a gun during commission of the crime—and may depend upon an assessment of the broad context of the crime." *United States v. Steffen*, 741 F.3d 411, 415 (4th Cir. 2013), quoting *United States v. Mejia–Orosco*, 867 F.2d 216, 221 (5th Cir.1989).

1

In the broad context of this conspiracy, Marcus and Caprice Foster functioned as equal partners in a partnership, as they did as husband and wife. Maurice Foster was involved from the outset in planning and directing the course of the conspiracy. They assigned each other roles in the conspiracy and gave each other instructions that the other person usually followed, but as with husbands and wives generally, each was free to ignore.[1]

In assessing the applicability of the enhancement, the Fourth Circuit has stated that " 'control' over others a key factor in determining whether to apply this adjustment for supervisory role." *United States v. Bonsu*, 291 F. App'x 505, 515 (4th Cir. 2008). Thus, the key issue is whether Caprice Foster controlled other people. See *United States v. Wilson*, 832 F. App'x 147, 155 (4th Cir. 2020) (finding no evidence proving Wilson's actual control over other people or reflecting his authority to discipline subordinates). As the Fourth Circuit in *Wilson* explained:

> Without further detail about the request or the relationship between Wilson and Ruff, the Government cannot establish that Wilson made this request as a leader commanding a subordinate—as opposed to doing so as a person requesting a fellow gang member's aid. See *Slade*, 631 F.3d at 191 ("[W]hile an unindicted co-conspirator did drive Slade to various locations to deliver cocaine base to his own clientele, there is no indication from the record that the co-conspirator did so pursuant to or as a result of any exercise of managerial or supervisory authority by Slade.")

*Wilson*, 832 F. App'x at 155–56.  As in *Wilson*, the government's evidence does not establish that Caprice Foster issued commands that Maurice or any other participant was not free to ignore.

---

[1] See Defendant's Supplement to Position on Sentencing, Dkt. 187, Under Seal, objecting to a two-level enhancement for leadership role.

The government has presented no evidence that Caprice Foster occupied a superior position in the overall conspiracy, that she commanded Maurice to act as her subordinate, or that his failure to comply would have had consequences – proof that is necessary to establish she exercised actual authority or control over him.[2]  Maurice Foster had his own motives for participating in the conspiracy and for going along with Caprice's instructions.  To extent he followed her directions, it was not pursuant to her actual exercise of control over him.  Caprice did not determine the scope of the conspiracy or control the number or choice of victims or determine how the proceeds were divided as would be the case if Marcus was being managed as her subordinate.  Marcus applied for and received loans and credit cards using personal identification information belonging to victims who were not Caprice's customers.  He created all of the fake identification documents and negotiated fraudulent lease agreements, including during periods when Caprice was hospitalized or detained on Maryland charges.

In short, there is no evidence that Caprice had the means to exert actual authority over Maurice as, for example, by causing him to suffer financial consequences for ignoring her directions or to suffer a diminution of his role or authority in the overall operation of the conspiracy. The ability to exert actual authority with a means to enforce instructions or discipline a subordinate is necessary to establish control over other participants under the Guidelines.  See e.g., *United States v. Wilson*, 832 F. App'x at 155-56; *United States v. Benn*, 572 F. App'x 167, 178 (4th Cir. 2014); see also *United States v. Llamas*, 599 F.3d 381, 389–90 (4th Cir.2010) (affirming U.S.S.G. § 3B1.1(b) enhancement where the defendant "exercised supervisory responsibility in furtherance of a fraud scheme by, *inter alia*, enforcing the center's rules,

---

[2] Communications on Ms. Foster's phone with an alleged accomplice are also insufficient without more to prove that Ms. Foster controlled this person.  Government's Position on Sentencing, Dkt. 144, p. 12 & n.14.

punishing non-compliant operators, and coordinating the operators' activities); *United States v. Brown*, 614 F. App'x at 636 (affirming enhancement where defendant organized the scheme and directed female participant who was young and naive and whose only motive was to please defendant; defendant dominated and controlled her activities "due to her submission").

Here, "[t]here were no clear delineations in their responsibilities." PSR, Dkt. 142, ¶ 68, p. 35. Because neither could force the other to comply with commands or impose discipline or consequences for failing to follow instructions, neither had the actual means of controlling the other.

The burden is on the government to prove by a preponderance of the evidence that the sentencing enhancement should be applied. *United States v. Steffen*, 741 F.3d 411, 414 (4th Cir. 2013); *United States v. Grubbs*, 585 F.3d 793, 803 (4th Cir. 2009); *United States v. Garnett*, 243 F.3d 824, 828 (4th Cir. 2001). The government has not presented evidence that Caprice wielded actual authority over Marcus or that he was anything other than an equal participant. The text messages relied on by the government are insufficient evidence of actual control to warrant application of the enhancement.

Respectfully Submitted,

CAPRICE FOSTER,
By Counsel

_____/s/_____
Nina J. Ginsberg, VSB # 19472
DiMuroGinsberg, P.C.
1101 King Street, Suite 610
Alexandria, VA 22314
(703) 684-4333
nginsberg@dimuro.com

4

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 25th day of August, 2022, I filed the foregoing pleading through the ECF system, which shall then send an electronic copy of this pleading to all parties in this action, and was emailed to Jennifer D. Lyerly, United States Probation Officer at Jennifer_Lyerly@vaep.uscourts.gov.

                                            /s/
                                        Nina J. Ginsberg