IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **Criminal No. 20-CR-178** |
| | ) | |
| | ) | |
| **MARCUS FOSTER,** | ) | |

**MEMORANDUM OPINION**

On November 23, 2021, Defendant Marcus Foster pled guilty to conspiracy to commit wire fraud and bank fraud in violation of 18 U.S.C. § 1349. Months after his guilty plea and only a week before the sentencing hearing, defendant filed a motion to withdraw his guilty plea. An evidentiary hearing was held on Thursday, September 15, 2022 at which defendant's prior counsel, Joseph Conte, testified.

Defendant's motion must be denied. The uncontroverted record in this case, supported by defendant's own sworn testimony, is that defendant's plea was knowing and voluntary. Further, based on Mr. Conte's credible testimony, defendant was represented by competent counsel and there was a factual and legal basis for defendant's guilty plea. Accordingly, there is no fair and just reason to permit defendant to withdraw his guilty plea and the motion must be denied.

**I.**

1. On July 30, 2020, Marcus Foster and his wife (and co-defendant) Caprice Foster were indicted on a single count of conspiracy to commit bank fraud. *See* Dkt. 31.

2. On April 29, 2021, an eleven-count superseding indictment against the Fosters was returned, which charged the Fosters with bank fraud, wire fraud, access device fraud, aggravated identity theft, and conspiracy to commit bank and wire fraud. *See* Dkt. 88.

3. The superseding indictment charged that from 2018 to 2020 the Fosters used personal identifying information (including names, social security numbers, and dates of birth) from various victims to open fraudulent bank accounts, obtain fraudulent bank loans, and enter into fraudulent leases. *See* Dkt. 88.

4. The matter was scheduled for a jury trial, with a trial date set for December 7, 2021. *See* Dkt. 106.

5. Defendant was initially represented by Ann Rigby of the Office of the Public Defender. On March 24, 2021, Ms. Rigby filed a motion to withdraw, citing a conflict of interest, and that motion was granted on March 26, 2021. *See* Dkt. 85. At that time, Mr. Joseph Conte was appointed as Defendant's counsel. *See* Dkt. 86.

6. On November 19, 2021, Defendant, by counsel, filed a motion to suppress physical evidence acquired during a police search. *See* Dkt. 116. The four-page memorandum in support of that motion argued, *inter alia*, that Fairfax County police officers conducted an unlawful search of a property located at 1281 Serenity Woods Lane, Vienna, Virginia, even though the owner of that property authorized officers to search the premises. *Id.* In essence, the motion to suppress argued that the Fosters were, unbeknownst to the owner (and perhaps the realtor, who was also present when officers conducted the search), in fact sublessees of the property and had a legitimate expectation of privacy which was violated when officers conducted the warrantless search.

7. On November 23, 2021, Defendant appeared before Judge Liam O'Grady for a change of plea hearing and entered a plea of guilty to count 1 of the superseding indictment (conspiracy to commit bank fraud and wire fraud) which Judge O'Grady accepted. *See* Dkt. 123. During the plea colloquy, Judge O'Grady went through the statement of facts with Defendant and Defendant, under oath, agreed with each assertion contained in the statement of facts. *See* Dkt. 166.

8. Specifically, during the plea colloquy, defendant testified under oath:

    a. That no one had made threats or promises to defendant to induce him to plead guilty;
    b. That defendant was satisfied with Mr. Conte's representation;
    c. That defendant had reviewed the statement of facts carefully;
    d. That each of the facts set forth in the Statement of Facts was correct; and
    e. That defendant acted knowingly and willfully. *See* Dkt. 166.

9. Judge O'Grady also made inquiries of defendant's attorney, Mr. Conte. Mr. Conte represented:

    a. That he had reviewed the Statement of Facts with defendant;
    b. That he had received and reviewed discovery from the government;
    c. That he believed that defendant's plea was knowing and voluntary; and
    d. That he believed that there was a basis in fact for defendant's plea. *See* Dkt. 166.

10. After Defendant entered his guilty plea, the motion to suppress was moot.

11. Sentencing for Defendant was scheduled for March 18, 2022. *See* Dkt. 123. The sentencing was later continued, upon request from defense counsel, until April 6, 2022. *See* Dkt. 151.

12. On March 30, 2022, Defendant filed a motion to withdraw his plea of guilty. *See* Dkt. 153. That motion did not argue that the search of the Serenity Lane property was unlawful, but instead cited as a basis to withdraw the plea that "the defendant has learned of a Fairfax County Police Department, Internal Affairs Division, investigation of the Fairfax County police officers involved in his arrest and contemporaneous seizure of documents and other material from the Serenity Woods property." Dkt. 153 at 2. Defendant argued that, because he did not know of this investigation at the time of his guilty plea, his plea was therefore not knowing and voluntary. *Id.* at 3.

13. On April 1, 2022, the government filed an opposition to defendant's motion. That opposition revealed that it was defendant's wife and coconspirator, Caprice Foster, who filed the internal affairs complaint that triggered the investigation. *See* Dkt. 155. Additionally, the government reported that the Fairfax County investigators had determined that the officers had not committed any misconduct as alleged by defendant's wife and that this conclusion is now under administrative review.

14. On April 5, 2022, Joseph Conte moved to withdraw as attorney for Defendant. Dkt. 159 After a hearing, that motion was granted, and Ms. Lana Manitta was appointed to represent Defendant. *See* Dkt. 165. Ms. Manitta was directed to file supplemental briefing on Defendant's motion to withdraw his guilty plea, and both the defendant and the government have filed supplemental briefs on this motion. *See* Dkts. 155, 174, 180.

15. On September 15, 2022, an evidentiary hearing was held. The only witness called by either party at the hearing was defendant's prior counsel, Mr. Conte.

16. During the hearing, Mr. Conte, a criminal defense attorney who has been representing defendants in this District and others for over thirty years, credibly testified:

    a. That he had reviewed all of the voluminous discovery provided by the government in the case;

    b. That in the fall of 2021 defendant reached out to Mr. Conte to indicate that he desired to plead guilty;

    c. That Mr. Conte believed that the suppression motion that he filed on behalf of defendant was weak and that he advised defendant that the chances of the motion being granted were "quite small to nonexistent";

    d. That Mr. Conte believed defendant's guilty plea to be knowing and voluntary;

    e. That, in Mr. Conte's opinion, there was a factual basis for defendant's guilty plea;

    f. That defendant had admitted his guilt to Mr. Conte;

    g. That, based on Mr. Conte's review of the government's evidence, Mr. Conte believed that the government could have proven, beyond a reasonable doubt, that defendant was guilty;

      h.  That, prior to defendant's guilty plea, Mr. Conte had reviewed the strength of the government's case and defendant's rights to go to trial and pursue any motions with defendant; and

      i.  That Mr. Conte and his investigator took steps to investigate the case against defendant.

17. Defendant did not testify during the evidentiary hearing or otherwise submit any signed affidavit or declaration contradicting or recanting his testimony, under oath, from the November 23, 2021 plea colloquy.

## II.

A defendant who seeks to withdraw his guilty plea bears the burden of demonstrating that "a fair and just reason" supports his request for withdrawal. Rule 11(d)(2)(B), Fed. R. Crim. P. In this respect, the Fourth Circuit has held that "[a] defendant has no absolute right to withdraw a guilty plea, and the district court has discretion to decide whether a fair and just reason exists upon which to grant a withdrawal." *United States v. Nicholson*, 676 F.3d 376, 383-84 (4th Cir. 2012). The Fourth Circuit has instructed that courts evaluating a motion to withdraw a guilty plea should consider a variety of factors including:

> (1) whether the defendant has offered credible evidence that his plea was not knowing or not voluntary, (2) whether the defendant has credibly asserted his legal innocence, (3) whether there has been a delay between the entering of the plea and the filing of the motion, (4) whether defendant has had close assistance of competent counsel, (5) whether withdrawal will cause prejudice to the government, and (6) whether it will inconvenience the court and waste judicial resources.

*United States v. Moore,* 931 F.2d 245, 248 (4th Cir. 1991). Among the *Moore* factors, the first, second, and fourth factors are generally the most significant. *See United States v. Sparks*, 67 F.3d 1145, 1154 (4th Cir. 1995).

Defendant's arguments in support of his motion focus almost exclusively on the first and second *Moore* factors. Defendant argues that, had he known of the internal affairs complaint against the Fairfax County police officers, he would not have agreed to plead guilty. The record in this case, however, demonstrates that defendant's plea was knowing and voluntary and that

4

defendant has not shown that he is legally innocent. The evidence presented at the hearing also demonstrates that Mr. Conte is an experienced criminal defense attorney who reviewed the evidence in this case, advised defendant of defendant's rights, and recommended a course of action that was supported by the evidence in the case. Accordingly, the *Moore* factors do not support permitting defendant to withdraw his guilty plea and there is no fair or just reason to permit defendant to do so. The record before the Court is that defendant, represented by competent and experienced counsel, pled guilty because he is guilty of the charged offense.

## A. Defendant has offered no evidence that his plea was not knowing or not voluntary

In evaluating the first *Moore* factors, Fourth Circuit caselaw places particular emphasis on the adequacy of the plea colloquy. Specifically, the Fourth Circuit has stated that "[t]he most important consideration in resolving a motion to withdraw a guilty plea is an evaluation of the Rule 11 colloquy at which the guilty plea was accepted," for a "properly conducted Rule 11 guilty plea colloquy leaves a defendant with a very limited basis upon which to have his plea withdrawn." *United States v. Bowman*, 348 F.3d 408, 414 (4th Cir. 2003).

Here, defendant has not presented any credible evidence that his plea was not knowing or voluntary. As the transcript of the plea colloquy makes clear, Judge O'Grady conducted a thorough and comprehensive plea colloquy during which defendant agreed under oath with each of the assertions outlined in the Statement of Facts. During the plea colloquy, Judge O'Grady also confirmed that no person had threatened defendant or, outside the specifics of the Plea Agreement, made any promises to defendant in order to induce a guilty plea. Additionally, defendant testified that Mr. Conte reviewed the Statement of Facts and Plea Agreement with defendant, that Mr. Conte had answered defendant's questions, and that defendant was satisfied with Mr. Conte's services. Moreover defendant concedes that the plea colloquy was thorough

and conducted properly, for in defendant's briefing in support of the motion to withdraw defendant states that the plea colloquy "did nevertheless include a review of each of the paragraphs in his Statement of Facts and seek confirmation of the accuracy of said paragraphs." Dkt. 174 at 3. During the plea colloquy, Judge O'Grady verified that defendant had discussed with his counsel his right to go to trial and that defendant understood the rights he was giving up by pleading guilty. Accordingly, the plea colloquy before Judge O'Grady was thorough and complied with the requirements of Rule 11, Fed. R. Crim. P.

Seeking to avoid this conclusion, defendant notes that Judge O'Grady did not inquire as to whether Mr. Conte had discussed any possible defenses with defendant. But that is not required. As the Supreme Court has noted: "Our decisions have not suggested that conscious waiver is necessary with respect to each potential defense relinquished by a plea of guilty. Waiver in that sense is not required." *United States v. Broce,* 488 U.S. 563, 573 (1989).

Importantly, defendant's sworn testimony and signed statements in this case are that his plea was knowing and voluntary. Defendant testified, under oath, that he was not pressured, coerced, or promised anything (outside of what is contained in the plea agreement) in order to plead guilty. Moreover, defendant signed a statement in his Plea Agreement specifically noting: (i) that he had reviewed the Plea Agreement carefully and that he had reviewed it with his attorney; (ii) that he fully understood his rights and had consulted with his attorney regarding his rights; and (iii) that he understood and voluntarily agreed to the Plea Agreement. At the hearing, Mr. Conte credibly testified that the statements made during the plea colloquy and in the Plea Agreement are correct; namely, that Mr. Conte reviewed the evidence with defendant, that he reviewed defendant's rights with defendant, and that Mr. Conte believed defendant's plea to be knowing and voluntary. Defendant has introduced no evidence that contradicts those statements.

6

In an attempt to establish that his plea was not knowing or voluntary, defendant relies almost entirely on the argument that, had he known that an internal affairs investigation of the Fairfax County police officers who conducted the search in this case was underway, he would not have agreed to plead guilty and would have pursued the motion to suppress. The only record evidence that supports this is Mr. Conte's opinion, in which he speculates that defendant would not have pled guilty had defendant known of the investigation. But defendant knew that a motion to suppress had been filed and knew that the motion to suppress was unlikely to succeed. That an internal affairs investigation was underway does not alter that calculus or render defendant's plea unknowing and involuntary, especially given that the investigation was instigated by defendant's wife and coconspirator. Moreover, courts recognize that a plea does not need to be perfectly informed as to "every possible defense, argument, or tactic." *United States v. Perillo*, 897 F.3d 878, 884 (7th Cir. 2018) (quoting *St. Pierre v. Walls*, 297 F.3d 617, 635 (7th Cir. 2002)).[1] Here, defendant knew that by pleading guilty he was waiving a decision on the motion to suppress, the only thing that he did not know was the existence of the internal affairs investigation which arguably only went to the credibility of the officers and the strength of his suppression motion. Defendant may now, given his knowledge of his wife's complaint and the subsequent internal affairs investigation,[2] regret his decision to plead guilty, but this does not render his plea unknowing or involuntary – especially where the internal affairs investigation

---

[1] *See also United States v. Broce*, 488 U.S. 563, 573 (1989) ("Our decisions have not suggested that conscious waiver is necessary with respect to each potential defense relinquished by a plea of guilty."); *United States v. Ruiz*, 536 U.S. 622, 629 (2002) (holding that "the law ordinarily considers a waiver knowing, intelligent, and sufficiently aware if the defendant fully understands the nature of the right and how it would likely apply *in general* in the circumstances – even though the defendant may not know the *specific detailed* consequences of invoking it" and that a court may accept a guilty plea, " with its accompanying waiver of various constitutional rights, despite various forms of misapprehension under which a defendant might labor").

[2] Additionally, as the government disclosed at the hearing, the internal affairs investigators determined that the Fairfax County police officers had not engaged in misconduct. Thus, the existence of the complaint – from defendant's wife – and the investigation itself are of questionable value.

7

found no wrongdoing. *See United States v. Bowman*, 348 F.3d 408, (4th Cir. 2003) ("At bottom, the record relevant to Bowman's withdrawal motion reveals at most an attempt by Bowman to second guess his guilty plea . . .").

In sum, defendant has not presented any evidence that his plea was either not knowing or not voluntary. Defendant's uncontroverted testimony and signed statements as well as the testimony from Mr. Conte establishes the contrary, namely that his plea was knowing and voluntary. The existence of a post-plea internal affairs investigation, which was instigated by defendant's wife and ultimately found no wrongdoing, does not render defendant's plea unknowing or involuntary. This important *Moore* factor therefore unequivocally favors denying Defendant's motion to withdraw his plea agreement.

**B. Defendant has not credibly asserted his legal innocence**

Consideration of the second *Moore* factor—whether defendant has asserted his legal innocence—also points clearly to the conclusion that defendant's motion to withdraw his guilty plea must be denied. Although defendant suggested at the hearing that he is legally innocent because the motion to suppress would have succeeded, defendant has not cited any case authority or evidence to suggest that his argument is correct. Notably, defendant has never challenged his factual innocence.

To the contrary, defendant has repeatedly admitted the facts necessary for the government to establish his guilty in this case beyond a reasonable doubt. In relation to his plea, defendant admitted his guilt in: (1) the Plea Agreement; (2) Statement of Facts; and (3) the Plea Colloquy with Judge O'Grady. In his plea colloquy Defendant took an oath to tell the truth and then admitted, in open court, his guilt to that offense and that statement of guilt, which defendant has not recanted, should be taken at face value. The Fourth Circuit has held that statements made during a sworn plea colloquy carry a strong presumption of veracity. *See United States v. White*, 366 F.3d 291

8

(4th Cir. 2004). Indeed, the Fourth Circuit has clarified that "in the absence of extraordinary circumstances, the truth of sworn statements made during a Rule 11 colloquy is conclusively established." *United States v. Lemaster*, 403 F.3d 216, 221–22 (4th Cir. 2005). The Plea Agreement, which defendant signed, also certifies that defendant pled guilty because he "is in fact guilty of the charged offense." Dkt. 124. Furthermore, more recently, defendant admitted his guilt again in a meeting with the probation officer for the presentence investigation report ("PSR"). *See* PSR ¶ 67 (Dkt. 134) (noting that defendant provided a "statement wherein the defendant admitted involvement in the offense" and that defendant "stated he agrees with the Statement of Facts filed in this case"). Mr. Conte also testified at the evidentiary hearing that defendant admitted his guilt to Mr. Conte. Even assuming *arguendo* that defendant had recanted his admission of guilt in any of these different settings, the Fourth Circuit has held that "the mere allegation of innocence, without any new evidentiary support, is not entitled to much weight." *United States v. Wells*, 82 F.3d 411 (4th Cir. 1996).

The failure to pursue the motion to suppress does not establish defendant's legal innocence (or that defendant's plea was unknowing or involuntary). *See United States v. Francis*, 430 F. App'x 274 (4th Cir. 2013) (noting that defendant "waived any issues with respect to suppression of evidence or speedy trial by entering his guilty plea"). Moreover, various courts of appeal have recognized that the failure to pursue a motion to suppress does not present a fair or just reason to permit the withdrawal of a guilty plea.[3]

Indeed, the record in this case demonstrates that defendant lacked standing to challenge the search of the Serenity Lane property and the motion would have been denied. As Mr. Conte

---

[3] *See, e.g., United States v. Quijada*, 40 F. App'x 344 (8th Cir. 2002) ("Further, counsel's failure to seek suppression of Quijada's custodial statements to the jailer does not provide a fair and just reason to allow Quijada to withdraw his guilty plea."); *United States v. Sanders*, 125 F. App'x 685 (6th Cir. 2005); *United States v. Jones*, 74 F. App'x 664 (7th Cir. 2003) ("Additionally, there is no support for Jones' assertion that courts should follow a *per se* rule that defendants can withdraw guilty pleas if Fourth Amendment issues remain to be litigated. To the contrary, it is well-established that defendants waive such defenses by pleading guilty.").

testified, based on the discovery and evidence that Mr. Conte had reviewed, defendant did not have a legal right to occupy the Serenity Lane residence and that defendant and his wife were communicating with the realtors and owners of the property using the fraudulently obtained identity of Nancy Ness. Mr. Conte also sent a letter to defendant indicating his view that "the chances of succeeding on the motion to suppress are quite small to nonexistent." Dkt. 237, Exh. 1. It is defendant's burden to demonstrate his legal innocence by showing that the motion to suppress would have been successful. Defendant has not met that burden as he cites no evidence or case law to establish that the motion was likely to succeed. Instead, defendant relies purely on his own belief and rank speculation.

Thus, the second *Moore* factor convincingly weighs against granting defendant's motion to withdraw.

### C. There was an unreasonable delay—approximately four months—between Defendant's guilty plea and his motion to withdraw the plea

The considerable delay between the entry of defendant's guilty plea and his motion to withdraw that plea counsels against granting defendant's motion to withdraw the plea. Defendant entered his guilty plea on November 23, 2021, *see* Dkt. 123, and did not seek to withdraw that plea until March 30, 2022, *see* Dkt. 153, more than four months after he had entered his guilty plea and on the eve of sentencing. Although perhaps not all that time may be counted against defendant, given that Mr. Conte testified that defendant requested that Mr. Conte file the motion approximately two- to three-weeks before the motion was filed. In any event, defendant requested to withdraw his plea well beyond the time period that the Fourth Circuit has recognized as constituting an unreasonable delay. Indeed, in *Moore* itself, the Fourth Circuit described a six-week period between the guilty plea and the filing of the motion as a "long delay[]." *Moore*, 931 F.2d at 248; *see also United States v. Craig*, 985 F.2d 175, 178 (4th Cir. 1993) (noting

a delay of eight weeks "militate[s] against withdrawal"). Here, defendant waited nearly four months, far longer than the delay deemed substantial in *Moore*.

### D.  Competent counsel assisted defendant throughout the course of this matter

At the evidentiary hearing, defendant's counsel clarified that defendant was not arguing that Mr. Conte was ineffective. *See* Sept. 17, 2022 Tr. at 50:19-20, 23-24 ("And Your Honor, I do want to clarify that the nature of this is not so much an ineffective assistance…this isn't really about bashing his representation"). Nor could defendant persuasively argue that Mr. Conte was incompetent or ineffective. To the contrary, Mr. Conte, an experienced criminal defense lawyer with decades of experience, reviewed the government's evidence, provided compelling advice on the risks of going to trial and the likelihood of success on the motion to suppress, and assisted defendant in pursuing a plea deal with the government.

It is well-settled that to establish that an attorney's performance was constitutionally ineffective, "the defendant must show (i) that counsel's representation fell below an effective standard of reasonableness" and (ii) that defendant was prejudiced by counsel's defective representation. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). The Fourth Circuit has held that a defendant seeking to withdraw his guilty plea must offer proof that the attorney's performance fell below the *Strickland* standard. In particular, the Fourth Circuit has held that "A defendant can demonstrate the absence of close assistance of counsel for purposes of the *Moore* test only by showing that h[is] 'counsel's performance fell below an objective standard of reasonableness.'" *United States v. Sparks*, 67 F.3d 1145, 1153 (4th Cir. 1995) (citing *United States v. Lambey*, 974 F.2d 1389, 1394 (4th Cir. 1992), *cert. denied*, 115 S.Ct. 672 (1994)). Defendant in this case has offered no such proof. Mr. Conte credibly testified that he spent over 170 hours working on defendant's case, reviewing the voluminous discovery, working with an

11

investigator, and pursuing the motion to suppress. Significantly, defendant has offered no evidence to suggest that he failed to receive the close and competent advice of counsel, and absent such evidence his motion to dismiss must be denied.

### E. Withdrawal will inconvenience the government and waste judicial resources

The fifth and sixth *Moore* factors consider, respectively, whether the withdrawal of the guilty plea will prejudice the government and whether the withdrawal of the guilty plea will waste judicial resources. Both factors favor denial of Defendant's motion to withdraw his guilty plea. The government anticipates that a trial will take at least a week and require dozens of witnesses, consuming substantial government and judicial resources. Many of those witnesses prepared to attend the sentencings scheduled for both defendant and his wife only to have to plan to make additional trips after the sentencing hearing was cancelled due to defendant's motion to withdraw his plea. Although courts applying the *Moore* test do not heavily emphasize the fifth and sixth factors, nothing in the record suggests that Defendant has satisfied either one. *See generally, United States v. O'Neil*, 352 F. App'x 859, 866 (4th Cir. 2009) (explaining that, aside from the first, second, and fourth factor, "[t]he rest are better understood as countervailing considerations that establish how heavily the presumption should weigh in any given case.").

\*     \*     \*

In sum, none of the *Moore* factors supports granting defendant's motion to withdraw his guilty plea. Accordingly, the motion to withdraw must be denied.

An appropriate Order will issue separately.

The Clerk is directed to provide a copy of this Memorandum Opinion to all counsel of record.

Alexandria, Virginia
September 20, 2022

/s/
T. S. Ellis, III
United States District Judge

12